IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK S. LEWIS                                                                        PLAINTIFF
ADC #650548

v.                                      Case No. 3:17-cv-00204-KGB

JUSTIN BARNES, *et al*.                                                          DEFENDANTS

## ORDER

Plaintiff Mark S. Lewis, an inmate at the Barbara Ester Unit of the Arkansas Department of Correction, filed this case *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 1). Mr. Lewis filed this case without prepayment of the $400.00[1] filing fee or an application to proceed without prepayment of fees and affidavit, so the Court ordered Mr. Lewis to either pay the $400.00 filing fee in full or file a properly completed application to proceed *in forma pauperis* (Dkt. No. 10). Mr. Lewis subsequently filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 11).

I.     **Application To Proceed** *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Mr. Lewis filed his complaint under 42 U.S.C. § 1983 (Dkt. No. 1). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his 42 U.S.C. § 1983 claims, and the filing fee will be collected by the Court in installments

---

[1] Effective May 1, 2013, the cost for filing a new civil case is $400.00 which includes a $50.00 administrative fee that does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner. *See* U.S.C. § 1915(b)(1).

Mr. Lewis has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) (Dkt. No. 1). Accordingly, Mr. Lewis' motion to proceed *in forma pauperis* is granted. Based on the information contained in Mr. Lewis' account information sheet, the Court will assess an initial partial filing fee of $45.20. Mr. Lewis will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Mr. Lewis' prison trust account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is fully paid. 28 U.S.C. § 1915(b)(2).

## II. Background

Mr. Lewis sued the Paragould Parole Office and Parole Officers Justin Barnes and Heather Steele under 42 U.S.C. § 1983 (Dkt. No. 1). He alleges that Mr. Barnes and Ms. Steele lied under oath, resulting in the revocation of Mr. Lewis' parole (*Id*.). Mr. Lewis also alleges that he made parole again after being revoked, but Mr. Barnes then wrongfully denied his parole plan (Dkt. No. 16). Mr. Lewis seeks damages, as well as wanting his life back (Dkt. No. 1).

## III. Screening

Federal law requires that this Court screen prisoner complaints prior to effecting service upon a defendant. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious, that fail to state a claim for relief, or that seek money from a defendant immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A. An action is frivolous if "it

lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

## IV. Discussion

As explained below, Mr. Lewis has failed to state a claim on which relief may be granted.

### A. Paragould Parole Office Is Not Subject To Suit Under 42 U.S.C. § 1983

Mr. Lewis sued the Paragould, Arkansas, Parole Office (Dkt. No. 1). Section 1983 provides a cause of action against every person who, acting under color of state law, deprives another person of a federally-protected right. Because the Paragould Parole Office is not a "person" subject to suit under § 1983, Mr. Lewis' claim against the Parole Office must be dismissed. *See Brown v. Missouri Dep't of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004) (permitting claims against individually named defendants but concluding that the Missouri Department of Corrections as an entity was not a proper party under § 1983).

### B. Parole Revocation

Mr. Lewis asserts that his parole was wrongfully revoked based on the alleged false testimony of Mr. Barnes and Ms. Steele (Dkt. No. 1). Mr. Lewis seeks damages against Mr. Barnes and Ms. Steele, but the Supreme Court has held that if a judgment in favor of a prisoner in a section

1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The holding of *Heck* has been applied to claims that would imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014). Mr. Lewis' claim that his rights were violated, if established, could invalidate his parole revocation, and there is no allegation that his revocation has been reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*. Therefore, Mr. Lewis' damages claims are barred by *Heck v. Humphrey*, and the Court dismisses without prejudice such claims.[2]

### C. Denial of Parole Plan

In a document that the Court will interpret as a supplement to his original complaint, Mr. Lewis alleges that, after his revocation, he was approved to parole again, but Mr. Barnes then wrongfully denied his parole plan (Dkt. No. 16). According to Mr. Lewis, Mr. Barnes denied Mr. Lewis' parole plan because the house in which he proposes to live has a leaky roof and no electricity (*Id.*). Mr. Lewis maintains that the denial of his parole plan is a violation of his rights (*Id.*).

Mr. Lewis, however, does not have a protected liberty interest in the possibility of parole, and, accordingly, no violation of his due process rights is implicated. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984). A protected liberty interest "may arise from two sources—the Due Process

---

[2] Dismissals pursuant to *Heck* are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpublished table opinion) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).

4

Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citation omitted). There is "'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014) (quoting *Greenholtz*, 442 U.S. at 7). State law may create a liberty interest if "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (internal citation and quotation omitted).

When a prisoner is committed to the Arkansas Department of Correction, "he can be assured of only one thing—that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Under Arkansas law, the Parole Board *may* release an individual on parole, but there is no right to release; rather, Arkansas parole statutes create only the possibility of parole, not "a protectable liberty interest in discretionary parole decisions . . . ." *Hamilton v. Brownlee*, 237 Fed. App'x. 114, 115 (8th Cir. 2007); *see Persechini v. Callaway*, 651 F.3d 802, 807-08 (8th Cir. 2011) (no liberty interest in discretionary parole decisions). Because Mr. Lewis has no protected liberty interest in the possibility of parole, his claim that Mr. Barnes unlawfully denied his parole plan fails.

## V. Conclusion

The Court therefore orders that:

1. Mr. Lewis' motion for leave to proceed *in forma pauperis* is granted (Dkt. No. 11).

2. As Mr. Lewis' present custodian, the Warden of the Barbara Ester Unit of the Arkansas Department of Correction, or his designee, or any future custodian, is directed to collect from Mr. Lewis' institutional account an initial partial filing fee of $45.20 and to forward that

amount to the Clerk of this Court. The payment must be clearly identified by the name and number assigned to this action.

3. Thereafter, the Warden of the Barbara Ester Unit of the Arkansas Department of Correction, or his designee, or any future custodian, is directed to collect from Mr. Lewis' institutional account the $304.80 balance of the filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Mr. Lewis' account each time the amount in the account exceeds $10.00. The Warden of the Barbara Ester Unit of the Arkansas Department of Correction, or his designee, or any future custodian, is further directed to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments also must be clearly identified by the name and number assigned to this action.

4. The Clerk of the Court is directed to send a copy of this order to: the Warden of the Barbara Ester Unit of the Arkansas Department of Correction, 7500 Correction Circle, Pine Bluff, Arkansas 71603; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

5. Mr. Lewis' claims are dismissed without prejudice for failure to state a claim upon which relief may be granted.

6. Mr. Lewis' complaint is dismissed without prejudice (Dkt. Nos. 1, 16).

7. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

8. The Court certifies that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action is considered frivolous and not in good faith.

9. The Court denies as moot Mr. Lewis' motion to extend time and motion for copies, motion to dismiss, motion to strike motion to dismiss, and motion to withdraw motion to dismiss (Dkt. Nos. 12, 13, 14, 15).

It is so ordered, this the 30th day of October, 2018.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE